## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **RYAN BREWER** ) | |
| ) | **Case Number** |
| **Plaintiff** ) | |
| ) | **CIVIL COMPLAINT** |
| **vs.** ) | |
| ) | |
| **CAPITAL ONE, N.A.** ) | |
| ) | |
| **&** ) | |
| ) | |
| **LAW OFFICES OF** ) | |
| **JOHN C. BONOWICZ, P.C.** ) | **JURY TRIAL DEMANDED** |
| ) | |
| **Defendants** ) | |

## COMPLAINT AND JURY DEMAND

**COMES NOW**, Plaintiff, Ryan Brewer, by and through his undersigned counsel, Brent F. Vullings, Esquire of Warren & Vullings, LLP, complaining of Defendant, and respectfully avers as follows:

## I. INTRODUCTORY STATEMENT

1.      Plaintiff, Ryan Brewer, is an adult natural person and brings this action for actual and statutory damages and other relief against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## II. JURISDICTION

2.      Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337.

3.      Venue in this District is proper in that the Defendant Capital One, N.A. transacts business in this District and maintains an office in this District.

### III.  PARTIES

4.      Plaintiff, Ryan Brewer, is an adult natural person residing at 821 West Sunnyside, Chicago, Illinois 60640  At all times material and relevant hereto, Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5.      Defendant, Capital One, N.A. at all times relevant hereto, is and was a corporation engaged in the business of providing financial services nationwide, as well as collecting and reporting on debt incurred by those services, including but not limited to, the Commonwealth of Pennsylvania and has a address at 2595 Interstate Drive, Suite 103 Harrisburg, PA 17110 with a principal place of business located at 1680 Capital One Dr., Mc Lean, VA 22102.

6.      Defendant, Law Offices of John C. Bonowicz, P.C. ("Defendant"), at all times relevant hereto, is and was a professional corporation engaged in the business of collecting debt within the state of Illinois, with its principal place of business located at 8001 North Lincoln Avenue, Suite 402, Skokie, IL 60077.

7.      Defendants are engaged in the collection of debts from consumers using the telephone and mail.  Defendants are "debt collectors" as defined by the FDCPA, 15 U.S.C. §1692a(6).

### IV.  FACTUAL ALLEGATIONS

8.      On or about January 12, 2010, along with aid from his personal legal counsel, Plaintiff entered into a settlement agreement with Defendant, Capital One.  **See "EXHIBIT A" (settlement letter) attached hereto**.

9.    Plaintiff agreed to the following payment schedule to pay off the agreed upon settlement amount of $1,089.90:

- $363.30 to be paid on or before 7/21/10

- $363.30 to be paid on or before 8/21/10

- $363.30 to be paid on or before 9/21/10

10.    Plaintiff agreed to make all payments on time to prevent the above mentioned account from being written-off by Defendant, Capital One.

11.    On or about July 12, 2010, Plaintiff issued the first payment to Defendant, Capital One.

12.    Defendant, Capital One, received, accepted and deposited above payment on or about July 19, 2010.

13.    Plaintiff issued the second required payment to Defendant, Capital One, on or about August 12, 2010.

14.    Defendant, Capital One, received, accepted and deposited above referenced payment on or before August 18, 2010.

15.    Plaintiff issued the third and final required check on or before September 13, 2010.

16.    Despite Plaintiff's check being sent in a timely manner in keeping with the settlement agreement, Defendant, Capital One, did not deposit Plaintiff's final check installment until September 27, 2010.

17.    On or about December 16, 2010, Plaintiff received notice from Defendant, Law Offices of John C. Bonowicz, P.C., stating that they were now collecting on this debt because the Plaintiff failed to pay Defendant, Capital One, as promised.

18.     Defendant, John C. Bonowicz, P.C., informed the Plaintiff that Defendant, Capital One, was going to sue them.

19.     As of the filing of this complaint, Plaintiff has never received a summons or legal action from Defendant, Capital One.

20.     Plaintiff tried to explain to Defendant, John C. Bonowicz, P.C., that he had in fact made full payment as was promised per his settlement agreement with Defendant, Capital One.

21.     Defendant, John C. Bonowicz, P.C., stated that the debt was not paid and that if the Plaintiff did not make arrangements immediately to pay this debt off that they would be contacting his employer.

22.     Plaintiff was threatened with wage garnishment by Defendant, John C. Bonowicz, P.C., if Plaintiff did not come up with the money that he owed immediately.

23.     Defendant, Capital One, has never returned any of the above payments to the Plaintiff in this matter.

24.     Defendant, Capital One, was in breach of their contract when they promised the Plaintiff the opportunity to participate in an agreed upon settlement and then did not follow through with that agreement at no fault of the Plaintiff.

25.     As a direct consequence of the Defendants acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

26.     The Defendants all of them, acted in a false, deceptive, misleading and unfair manner when they engaged in conduct the natural consequence of which is to harass, oppress or abuse Plaintiff in connection with the collection of a debt.

27.     The Defendants knew or should have known that their actions violated the FDCPA. Additionally, Defendants could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

28.     The Defendants acted in a false, deceptive, misleading and unfair manner when they engaged in conduct the natural consequence of which is to harass, oppress or abuse such person in connection with the collection of a debt.

29.     The Defendants knew or should have known that their actions violated the FDCPA. Additionally, Defendants could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

30.     At all times pertinent hereto, Defendants were acting by and through their agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

31.     At all times pertinent hereto, the conduct of Defendants as well as their agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

## COUNT I – FDCPA

### PLAINTIFF V. LAW OFFICES OF JOHN C. BONOWICZ, P.C.

32     The above paragraphs are hereby incorporated herein by reference.

33.     At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

34.     The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of:

| §§ 1692d | Any conduct the natural consequence of which is to harass, oppress or abuse any person |
|---|---|
| §§ 1692e | Any other false, deceptive, or misleading representation or means in connection with the debt collection |
| §§ 1692e(4) | Nonpayment of any debt will result in garnishment or attachment |
| §§ 1692e(5) | The threat to take any action that cannot legally be taken or that is not intended to be taken |
| §§ 1692e(10) | Any false representation or deceptive means to collect a debt or obtain information on a  consumer |
| §§ 1692f | Any unfair or unconscionable means to collect or attempt to collect the alleged debt |

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendants, John C. Bonowicz, P.C., for the following:

a.     Actual damages;

b.     Statutory damages pursuant to 15 U.S.C. § 1692k;

c.     Reasonable attorney's fees and litigation expenses, plus costs of suit; and

d.     Such additional and further relief as may be appropriate or that the interests of justice require.

## COUNT II

## CIVIL CONSPIRACY

## PLAINTIFF V. CAPITAL ONE, N.A. AND LAW OFFICES OF JOHN C.
## BONOWICZ, P.C.

35.    Plaintiff realleges and incorporates herein by reference all of the allegations contained in Paragraphs 9 through 52, inclusive, of this complaint as though fully set forth herein.

36.    Plaintiff is informed and believes and therein alleges that Defendants, and each of them, entered into an agreement under which said Defendants, acting in concert, agreed to willfully or knowingly violate the FDCPA.

37.    The acts of the Defendants, and each of them, were in furtherance of a conspiracy to violate a legal duty for their own financial gain.

38.    Defendants had an independent duty to Plaintiff and all others similarly situated not to engage in said conduct and their conduct involves a conspiracy to violate a legal duty in furtherance of Defendants financial gain.

39.    Defendants at all times did the acts and things herein alleged pursuant to, and in furtherance of, the conspiracy and agreement alleged above.

40.    As a proximate result of the wrongful acts of the Defendants, and each of them, Plaintiff has been damaged in a sum according to proof and for attorney's fees, costs and interest according to proof.

## COUNT III

## BREACH OF CONTRACT

## PLAINTIFF V. CAPITAL ONE, N.A.

41.     The above paragraphs are hereby incorporated herein by reference.

42.     The facts set forth herein establish that there was a contractual relationship between the parties, whereby the Defendant promised to Plaintiff the opportunity to participate in an agreed upon settlement.  Plaintiff accepted the invitation that was offered and agreed to participate in the settlement.

43.     Defendant is in breach of their contract.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant, Capital One, N.A., for the following:

a.      Actual damages;

b.      Statutory damages pursuant to 15 U.S.C. § 1692k;

c.      Reasonable attorney's fees and litigation expenses, plus costs of suit; and

d.      Such additional and further relief as may be appropriate or that the interests of justice require.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

a.      Actual damages;

b.      Treble damages;

c.      An award of reasonable attorneys fees and expenses and costs of court; and

d.      Such additional relief as is deemed just and proper, or that the interests of justice require.

## V.  **JURY DEMAND**

Plaintiff hereby demands a jury trial as to all issues herein.

**Respectfully submitted,**

**WARREN & VULLINGS, LLP**

**Date:  March 21, 2011**

**BY:    */s/ Brent F. Vullings***
Brent F. Vullings, Esquire

93 Old York Road
Suite 333
Jenkintown, PA 19046
Attorney for Plaintiff